
FILED
IN CLERK'S OFFICE
U S DISTRICT  D.N.Y

★ 2 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSEPH A. FERRARA, SR., FRANK H. FINKEL, MARC
HERBST, DENISE RICHARDSON, THOMAS F. CORBETT,
ATHONY D'AQUILA, THOMAS GESUALDI, LOUIS
BISIGNANO, DOMINICK MARROCCO, and ANTHONY
PIROZZI, as Trustees and Fiduciaries of the Local 282 Welfare
Trust Fund, the Local 282 Pension Trust Fund, the Local 282
Annuity Trust Fund, the Local 282 Job Training Trust Fund, and
the Local 282 Vacation and Sick Leave Trust Fund,

**ORDER**
10-CV-5905 (ADS) (ETB)

Plaintiffs,

-vs.-

CMR CONTRACTING LLC, and LTU INDUSTRIES INC.
a/k/a LTU INDUSTRY INC.,

Defendants.
------------------------------------------------------------------------X

**APPEARANCES:**

**Cohen, Weiss and Simon LLP**
*Attorneys for the plaintiffs*
330 W. 42nd Street, 25th Floor
New York, NY 10036
    By: Michael Seth Adler, Esq.
        Joseph J. Vitale, Esq., Of Counsel

**NO APPEARANCE:**
CMR Contracting LLC
LTU Industries Inc. a/k/a LTU Industry Inc.,

**SPATT, District Judge.**

On December 17, 2010, the plaintiffs commenced this action against the defendants,

CMR Contracting LLC ("CMR Contracting"), and LTU Industries Inc. a/k/a LTU Industry Inc.,

("LTU Industries" and collectively "the defendants") pursuant to Section 502 of the Employee

Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132, seeking to collect

unpaid employee benefit contributions due under collective bargaining agreements entered into

by the parties, as well as interest, liquidated damages, audit fees, and attorney's fees and costs. On April 11, 2011, the Court entered a default judgment against the defendants and referred the matter to United States Magistrate Judge E. Thomas Boyle for an inquest as to damages, appropriate injunctive relief, attorney's fees and costs.

On January 20, 2012, Judge Boyle issued a Report and Recommendation, recommending that the Court award the plaintiffs damages with respect to CMR Contracting LLC as follows: (1) $172,569.92 in unpaid employee benefit contributions; (2) $115,987.36 in interest, with additional interest to be calculated at a rate of $85.10 per day through the date of judgment; (3) $115,987.36 in liquidated damages, with additional liquidated damages to be calculated at a rate of $85.10 per day through the date of judgment; (4) audit fees in the amount of $700.00; (5) $9,618.00 in attorney's fees; and (6) $2,115.68 in costs, for a total monetary award of $416,978.32, plus additional interest and liquidated damages.

Judge Boyle further recommended that the Court award the plaintiffs damages with respect to LTU Industries as follows: (1) $11,272.04 in unpaid employee benefit contributions; (2) $5,192.60 in interest, with additional interest to be calculated at a rate of $5.56 per day through the date of judgment; (3) $5,192.60 in liquidated damages, with additional liquidated damages to be calculated at a rate of $5.56 per day through the date of judgment; (4) audit fees in the amount of $3,109.88; (5) $8,482.00 in attorney's fees; and (6) $2,115.68 in costs, for a total monetary award of $35,364.80, plus additional interest and liquidated damages. To date, there have been no objections filed to Judge Boyle's Report.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely

objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Boyle's Report and finds it to be persuasive and without any legal or factual errors.

There being no objection to Judge Boyle's Report, it is hereby

**ORDERED**, that Judge Boyle's Report and Recommendation is adopted in its entirety. The Court awards the plaintiffs damages with respect to CMR Contracting LLC as follows: (1) $172,569.92 in unpaid employee benefit contributions; (2) $115,987.36 in interest, with additional interest to be calculated at a rate of $85.10 per day from January 20, 2012 through the date of judgment; (3) $115,987.36 in liquidated damages, with additional liquidated damages to be calculated at a rate of $85.10 per day from January 20, 2012 through the date of judgment; (4) audit fees in the amount of $700.00; (5) $9,618.00 in attorney's fees; and (6) $2,115.68 in costs, for a total monetary award of $416,978.32, plus additional interest and liquidated damages. The Court also awards the plaintiffs damages with respect to LTU Industries as follows: (1) $11,272.04 in unpaid employee benefit contributions; (2) $5,192.60 in interest, with additional interest to be calculated at a rate of $5.56 per day from January 20, 2012 through the date of judgment; (3) $5,192.60 in liquidated damages, with additional liquidated damages to be calculated at a rate of $5.56 per day from January 20, 2012 through the date of judgment; (4) audit fees in the amount of $3,109.88; (5) $8,482.00 in attorney's fees; and (6) $2,115.68 in costs, for a total monetary award of $35,364.80, plus additional interest and liquidated damages, and it is further

**ORDERED**, that the Clerk of the Court is directed to enter judgment in favor of the plaintiffs as set forth above, and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
March 2, 2012

_/s/ Arthur D. Spatt_
ARTHUR D. SPATT
United States District Judge
